UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(West palm Beach)

NUTRITIONAL PRODUCTS
INTERNATIONAL, INC., a Florida
Corporation.

CASE NO.: 9:25-CV-80410-XXXX

    Plaintiff,

v.

TRULIFE DISTRIBUTION, INC., a
Florida CORPORATION, AND BRIAN GOULD,
an individual,

    Defendants.
_____/

**MOTION TO DISMISS AND/OR STAY AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW the Defendants, BRIAN GOULD and TRULIFE DISTRIBUTION, INC., by and through the undersigned counsel, move, pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint and/or stay the proceedings pending outcome of the State Court Case and hereby file this Motion to Dismiss and/or Stay and Incorporated Memorandum of Law and as grounds therefore would state:

On March 28, 2025, the Plaintiff filed a seven (7) count complaint for: (i) preliminary injunction as to TruLife's use of NPI's case studies; (ii) violations of Florida's Deceptive and Unfair Trade Practices Act (injunctive relief); (iii) violations of Florida's Deceptive and Unfair Trade Practices Act (damages); (iv) Lanham Act - false designations (damages); (v) conversion; (vi) trademark infringement: Evolution of Distribution (Florida common law); and (vii) unjust enrichment.

1

An examination of the Complaint reveals that the Plaintiff lacks standing to bring the federal claim, the complaint fails to state claims for which relief can be granted, and the claims are barred by the parties' Settlement Agreement. Therefore, the Complaint should be dismissed.

This action is one in a long series of now 11+ related actions between the parties and their immediate family members, the bulk of which were consolidated in State Court and settled by two comprehensive Settlement Agreements (including prior Federal Actions). The issues alleged by Plaintiff in this action are explicitly covered by the Settlement Agreements, and there is currently a motion to enforce the Second Settlement Agreement pending by Defendants in Palm Beach County State Court, Case Number 50-2019-CA-005715-XXXX-MB.

Prior Federal Actions covered under the state court settlement agreements were stayed by the Federal Court pending the outcome in State Court, and the same reasoning remains valid as to this action and the pending state court motion to enforce.

**LEGAL STANDARD**

A Motion to Dismiss tests the sufficiency of the complaint. La Gresta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004). A mere blanket assertion of entitlement to relief will not do. Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007). To survive dismissal under Rule 12(b)(6), the plaintiff must plead facts which, accepted as true, state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is plausible on its face when its factual content permits a reasonable inference that the defendant is liable for the misconduct alleged

In evaluating a complaint under this standard, the Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP, 634 F.3d 1352 (11th Cir.

2011). Factual allegations must be enough to raise a right to relief above a speculative level. Twombly, 550 U.S. at 555. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Ashcroft, 556 U.S. at 679 (quoting Twombly, 550 U.S. at 570).

Even though a complaint need not contain detailed factual allegations, its factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact). The Supreme Court has explained that the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Iqbal, 556 U.S. at 678 (finding assertions that one defendant was the principal architect, and another defendant was instrumental in adopting and executing a policy of invidious discrimination insufficient to survive a motion to dismiss because they were conclusory and thus not entitled to the presumption of truth).

A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 678 (citing Twombly, 550 U.S. at 556). The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. Id. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief. Id. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

**MEMORANDUM OF LAW**

**I. All Claims Are Barred by the Settlement Agreement**

The Plaintiff's claims are barred by the express terms of the Settlement Agreement entered into by the parties. Paragraph 12 of the Settlement Agreement explicitly states: "FIRST PARTY [which includes NPI and Mitch Gould] hereby waives and releases the SECOND PARTY [which includes Brian Gould and his business entities] as to any claims to protection under Florida's Trade Secret law, Trademark, or Copyright relative to any claims either before the execution of this Agreement or thereafter." This provision unambiguously releases Defendants from any claims related to trade secrets, trademarks, or copyrights—the very subject matter of this federal complaint.

The Settlement Agreement was the product of extensive negotiation, including 10.5 hours of mediation followed by ten days of additional negotiations. The Plaintiff was represented by experienced counsel throughout this process and knowingly agreed to these terms. The language "or thereafter" in the Settlement Agreement was specifically negotiated and intended to create a future license with respect to use of the materials at issue in this case.

All of Plaintiff's claims—whether styled as Lanham Act violations, Florida Deceptive and Unfair Trade Practices Act violations, trademark infringement, conversion, or unjust enrichment—fundamentally relate to the use of materials that were explicitly released under the Settlement Agreement. The Plaintiff cannot now attempt to circumvent the clear and unambiguous terms of that agreement by recasting the same claims under different legal theories. Under Florida law, settlement agreements are "highly favored" and will be enforced whenever possible. The Settlement Agreement constitutes a binding contract that was approved by the court in the state proceedings. The Plaintiff's attempt to relitigate issues that were conclusively

resolved through the Settlement Agreement constitutes an improper collateral attack on that agreement and should be rejected by this Court.

**II. Plaintiff Lacks Standing to Bring the Federal Claim for a Lanham Act Violation**

15 U.S.C. § 1125(a) provides a cause of action for false designation of origin and false advertising. However, to establish standing under the Lanham Act, a plaintiff must demonstrate that it falls within the "zone of interests" protected by the statute and that its injuries were proximately caused by violations of the statute.

To state a claim for trademark infringement under the Lanham Act, a plaintiff must plausibly allege: "(1) that it had trademark rights in the mark or name at issue and (2) that the other party had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two." Commodores Entm't Corp. v. McClary, 879 F.3d 1114, 1130-31 (11th Cir. 2018) (quoting Tana v. Dantanna's, 611 F.3d 767, 773 (11th Cir. 2010)). "[T]he first step of a trademark infringement action is to demonstrate an unauthorized 'use' of the plaintiff's mark in commerce." D.B.C. Corp. v. Nucita Venezolana, C.A., 464 F. Supp. 3d 1323, 1329 (S.D. Fla. 2020) (citing Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc., 496 F.3d 1231, 1242 (11th Cir. 2007)). Only then will courts consider whether the alleged infringer's use of the mark creates a likelihood that the consuming public will be confused as to who makes what product. See Am. Cyanamid v. Campagna per le Farmacie in Italia, S.P.A., 847 F.2d 53, 55 (2d Cir. 1988) (citations omitted) (to state a cognizable claim in trademark cases, the plaintiff must raise "a serious question" as to the likelihood of confusion). 15 U.S. Code § 1127 defines "registered mark" as a mark registered in the United States

Patent and Trademark Office under this chapter or under the Act of March 3, 1881, or the Act of February 20, 1905, or the Act of March 19, 1920. An examination of the complaint reveals that it is devoid of a single averment that the Plaintiff owns a registered mark under the Lanham Act and therefore failse to state a claim for which relief can be granted. Since the only federal claim brought fails to state a claim for which relief can be granted, the Court loses jurisdiction over the remaining counts as well.

An examination of the complaint also reveals that it is devoid of specific factual allegations establishing that the Plaintiff has suffered an injury to a commercial interest in reputation or sales proximately caused by Defendants' alleged misrepresentations. The Complaint makes vague and conclusory allegations about potential confusion among "current and prospective clients" (Complaint ¶ 3) but fails to identify any specific instances of actual confusion or any specific commercial injuries suffered as a result.

Furthermore, the Complaint fails to allege with particularity which specific statements made by Defendants were false or misleading, when they were made, to whom they were made, and how they caused injury to Plaintiff. Instead, the Complaint relies on generalized allegations that Defendants used "case studies" and "testimonies" that allegedly belonged to Plaintiff. These vague allegations are insufficient to establish standing under the Lanham Act.

Since the only federal claim brought lacks sufficient standing, the Court loses jurisdiction over the remaining counts as well.

### III. Plaintiff Fails to State a Claim Under the Lanham Act

To state a claim for false designation of origin under the Lanham Act, a plaintiff must plausibly allege: (1) that the defendant used a false designation of origin; (2) that such use of a false designation of origin occurred in interstate commerce; (3) that the defendant's use of a false

6

designation of origin is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of the plaintiff's goods, services, or commercial activities by another person; and (4) that the plaintiff has been or is likely to be damaged by these acts. Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc., 508 F.3d 641, 647-48 (11th Cir. 2007).

The Complaint fails to state a claim under the Lanham Act for several reasons. First, the Complaint fails to identify with specificity what "false designations" were allegedly used by Defendants. The Complaint makes vague references to "case studies" and "testimonies" but does not identify the specific content of these materials or explain how they constitute false designations of origin.

Second, the Complaint fails to allege facts showing that Defendants' use of the allegedly false designations is likely to cause confusion among consumers. The Complaint merely makes conclusory assertions that Defendants' conduct "caused or are likely to cause competitive or commercial injury to the Plaintiff NPI" (Complaint ¶ 4) without providing any factual basis for this conclusion.

Third, the Complaint fails to allege facts showing that Plaintiff has been or is likely to be damaged by Defendants' alleged acts. The Complaint does not identify any specific instances of lost sales, damaged reputation, or other commercial injuries suffered by Plaintiff as a result of Defendants' alleged conduct.

Furthermore, the Complaint's allegations regarding the "Evolution of Distribution" trademark are insufficient to state a claim for trademark infringement. The Complaint alleges that Defendants used a "confusingly similar" phrase, "Evolve Your Distribution," but fails to allege facts showing that this phrase is likely to cause confusion among consumers or that Plaintiff has suffered any actual damages as a result of this alleged infringement.

Given these deficiencies, the Complaint fails to state a claim under the Lanham Act for which relief can be granted.

**IV. The Complaint Does Not Aver Sufficient Facts to State a Claim for a Florida Deceptive and Unfair Trade Practices Act Violation**

A consumer claim for damages under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. DFG Group, LLC v. Stern, 220 So.3d 1236, 1238 (Fla. 4th DCA 2017); City First Mortg. Corp. v. Barton, 988 So.2d 82, 86 (Fla. 4th DCA 2008).

An examination of the Complaint in this action clearly demonstrates that the averments made by the Plaintiff, if taken as true, cannot state a claim for a violation of the FDUTPA as the complaint fails to allege with any particularity any deceptive act or unfair practice, causation, or actual damages.

The Complaint does not aver specific facts which, if taken as true, would be sufficient to allege the Defendants committed any deceptive act or caused any damages to the Plaintiff. The Complaint makes vague allegations about Defendants using "case studies" and "testimonies" that allegedly belonged to Plaintiff but fails to identify the specific content of these materials, when they were used, how they were used, or how their use constituted a deceptive act or unfair practice.

Furthermore, the Complaint fails to allege facts showing that Plaintiff suffered actual damages as a result of Defendants' alleged conduct. The Complaint merely makes conclusory assertions that Defendants' conduct "caused or are likely to cause competitive or commercial injury to the Plaintiff NPI" (Complaint ¶ 4) without providing any factual basis for this conclusion.

Under the FDUTPA, the injury claimed to have been suffered cannot be merely speculative. Stewart Agency, Inc. v. Arrigo Enters., Inc., 266 So.3d 207 (Fla. 4th DCA 2019). The Complaint only speculates to damages generally without any specifics but rather makes the conclusory allegation that the Plaintiff has suffered damages.

Based on the foregoing, the complaint has failed to include enough facts to state a claim to relief that is plausible on its face and should be dismissed. See Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Moreover, the Florida Deceptive and Unfair Trade Practices Act is not applicable to causes of action alleging trademark infringement. Babbit Electronics, Inc. v. Dynascan Corp., 38 F.3d 1161, 1182, n. 7 (11th Cir. 1994). As such, either Counts II and III or Count VI are improper and must be dismissed.

**V. The Complaint Does Not Aver Sufficient Facts to State a Claim for Preliminary Injunction**

To obtain a preliminary injunction, a plaintiff must establish: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest.

The Complaint is devoid of factual allegations that would establish any of these elements. First, as discussed above, the Plaintiff has not established a substantial likelihood of success on the merits because its claims are barred by the Settlement Agreement and fail to state claims for which relief can be granted.

9

Second, the Complaint fails to allege facts showing that Plaintiff will suffer irreparable injury if the injunction is not granted. The Complaint merely makes conclusory assertions that "The damage caused by the Defendants is irreparable" (Complaint ¶ 48) without providing any factual basis for this conclusion.

Third, the Complaint fails to allege facts showing that the threatened injury to Plaintiff outweighs the harm the injunction would inflict on Defendants. The Complaint does not address this factor at all.

Fourth, the Complaint fails to allege facts showing that the entry of the injunction would serve the public interest. The Complaint merely makes the conclusory assertion that "The injunction serves the private interests of the public as it will prohibit TRULIFE's false advertising and marketing to the public" (Complaint ¶ 51) without providing any factual basis for this conclusion.  Not a single false advertisement has been attached to the complaint and Defendant contends this is because none exists.

Furthermore, this count fails to state a claim for a preliminary injunction as it does not specifically aver what clients of the Plaintiff the Defendants solicited, how they were made, when they were made, and by whom they were made to formulate a basis for a claim. Instead, the Plaintiff alleges general speculative averments.

The Complaint further requests money damages in the form of compensatory damages, punitive damages, and attorney fees, which invalidates their cause of action as irreparable harm does not exist where the potential loss is compensable by money damages. See Barclays American Mortgage Corp. v. Holmes, 595 So.2d 104 (Fla. 5th DCA 1992).

One of the conditions precedent to granting a temporary injunction is that the plaintiff will otherwise suffer irreparable harm.  *Hall v. City of Orlando,* 555 So. 2d 963 (Fla. 5th DCA 1990). However, irreparable harm does not exist where the potential loss is compensable by money damages.  *B.G.H. Insurance Syndicate, Inc. v. Presidential Fire & Casualty*

*Company,* 549 So. 2d 197 (Fla. 1st DCA 1989), [**2] *review dismissed,* 557 So. 2d 869 (Fla. 1990). Under the facts of this case, we find that Holmes will not suffer irreparable harm because he has an adequate remedy at law to seek and obtain a money judgment.

[Barclays Am. Mortg. Corp. v. Holmes, 595 So. 2d 104, 105 (Fla. Dist. Ct. App. 1992)](#)

Since the Plaintiff deems it appropriate to request money damages, the Plaintiff has conceded that no irreparable harm exists.

**VI. The Complaint Does Not Aver Sufficient Facts to State a Claim for Conversion**

To state a claim for conversion under Florida law, a plaintiff must allege: (1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein. Joe Hand Promotions, Inc. v. Creative Entm't, LLC, 978 F. Supp. 2d 1236, 1241 (M.D. Fla. 2013).

The Complaint fails to state a claim for conversion for several reasons. First, the Complaint fails to identify with specificity what property was allegedly converted by Defendants. The Complaint makes vague references to "case studies," "testimonies," and the "Evolution of Distribution" methodology but does not identify the specific content of these materials or explain how they constitute Plaintiff's property.

Second, the Complaint fails to allege facts showing that Defendants' use of these materials was wrongful. As discussed above, the Settlement Agreement explicitly released Defendants from any claims related to trade secrets, trademarks, or copyrights, including the very materials at issue in this case.

Third, the Complaint fails to allege facts showing that Defendants' alleged use of these materials was inconsistent with Plaintiff's ownership rights. Given the express release in the

Settlement Agreement, Defendants' alleged use of these materials was entirely consistent with the rights granted to them under that agreement.

Given these deficiencies, the Complaint fails to state a claim for conversion for which relief can be granted.

**VII. The Complaint Does Not Aver Sufficient Facts to State a Claim for Unjust Enrichment**

To state a claim for unjust enrichment under Florida law, a plaintiff must allege: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it. Virgilio v. Ryland Grp., Inc., 680 F.3d 1329, 1337 (11th Cir. 2012).

The Complaint fails to state a claim for unjust enrichment for several reasons. First, the Complaint fails to identify with specificity what benefit was allegedly conferred on Defendants by Plaintiff. The Complaint makes vague references to "case studies," "testimonies," and the "Evolution of Distribution" methodology but does not identify the specific content of these materials or explain how they constitute a benefit conferred by Plaintiff on Defendants.

Second, the Complaint fails to allege facts showing that it would be inequitable for Defendants to retain the benefit without paying fair value for it. As discussed above, the Settlement Agreement explicitly released Defendants from any claims related to trade secrets, trademarks, or copyrights, including the very materials at issue in this case. Given this express release, there is nothing inequitable about Defendants' use of these materials without additional payment to Plaintiff, especially when one considers the Defendant is the former President of

12

Plaintiff, which was founded with Defendants money and years of Defendants labor, and its Defendant himself labor and ideas which is the subject of this suit.

Given these deficiencies, the Complaint fails to state a claim for unjust enrichment for which relief can be granted.

**VIII. The Complaint Should Be Stayed Pending the Outcome of the State Court Litigation and Motion to Enforce the Settlement Agreement**

This lawsuit is one in a series of lawsuits spanning state and federal court between the parties. The issues raised in this federal action are directly related to and potentially resolved by the pending state court motion to enforce the Settlement Agreement in Case Number 50-2019-CA-005715-XXXX-MB.

The state court has retained jurisdiction to enforce the terms of the Settlement Agreement and is currently considering a motion to enforce that agreement filed by Defendants. That motion specifically addresses the Plaintiff's breaches of the non-disparagement provisions of the Settlement Agreement, which are directly relevant to the issues raised in this federal action.

Given the overlapping issues and the state court's familiarity with the parties' extensive litigation history, principles of comity and judicial economy strongly favor staying this federal action pending the resolution of the state court proceedings. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817-18 (1976) (recognizing that in some circumstances, a federal court may abstain from exercising jurisdiction over a case when there is a parallel state court proceeding).

The prior Federal Action covered under the state court settlement agreement was stayed by the Federal Court pending the prior outcome in State Court, and the prior reasoning remains valid as to this action and the pending state court motion to enforce.

## IX. The Complaint Represents an Improper Use of Court Process and Continuation of a Pattern of Vexatious Litigation

The current complaint is not an isolated incident but part of a pattern of abusive litigation by Plaintiff against Defendants. This pattern has been well-documented in the state court proceedings and includes:

Filing multiple lawsuits based on forged non-competition agreements, as documented in case number 50-2019-CA-005715-XXXX-MB.

Filing lawsuits for publicity purposes without attempting service, as documented in case numbers 50-2019-CA-010139-XXXX-MB, 50-2019-CA-012465-XXXX-MB, and 50-2019-CA-007690-XXXX-MB.

Using lawsuits as a basis for press releases to defame Defendants, as documented in the state court proceedings.

Tampering with witnesses, as documented in the deposition of Scott O'Boyle in case number 50-2019-CA-005715-XXXX-MB.

Submitting false affidavits, as documented in the state court proceedings.

This pattern of abusive litigation is further evidenced by the RICO lawsuit filed against Plaintiff Mitch Gould (Case 9:22-cv-80722-DMM), which alleges that Plaintiff "has routinely for years filed lawsuits with knowingly false and extreme accusations for publicity and leverage purposes" and that "the pattern is to file a suit and then use that suit as the basis for press releases, to smear Mitch's adversaries' businesses and reputations."

The current complaint appears to be a continuation of this pattern, filed for the improper purpose of harassing Defendants and generating negative publicity rather than seeking legitimate legal redress. This Court should not countenance such abuse of the judicial process.

## CONCLUSION

WHEREFORE, the Defendants respectfully request this Honorable Court to dismiss the Plaintiff's complaint with prejudice or stay the proceedings pending the outcome of the related state litigation and grant such other and further relief as this Court deems just and proper.

DATED this 21st day of April, 2025.

## CERTIFICATE OF SERVICE

I certify that on this 25th day of April, 2025, I filed a true and correct copy of the foregoing Motion to dismiss the Complaint and/or stay the proceedings and incorporated memorandum of law with the CM/ECF filing system, which I understand will send notice to counsel for the Plaintiff:

        Neil Bryan Tygar, P.A.

        Attorneys for Defendants
By: */s/ Neil B. Tygar*
        Neil Tygar
        Executive Square Plaza
        5341 West Atlantic Avenue, Suite 303
        Delray Beach, FL 33484
        561-455-0280 Phone
        561-305-5214 Cellular Phone
        561-455-0281 Fax
        Florida Bar No. 0911100
        **Primary E-Mail Address: ntygar@me.com**
        **Secondary E-Mail neiltygarlaw@gmail.com**