UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 25-CV-80410-ROSENBERG**

NUTRITIONAL PRODUCTS
INTERNATIONAL, INC.,

    Plaintiff,

v.

TRULIFE DISTRIBUTION, INC.
& BRIAN GOULD,

    Defendants.
_____/

**CASE NO. 25-CV-80488-ROSENBERG**

TRULIFE DISTRIBUTION, INC.,

    Plaintiff,

v.

MITCH GOULD, et al.,

    Defendants.
_____/

**ORDER GRANTING IN PART TRULIFE
DISTRIBUTION'S MOTION TO STAY AND CLOSING CASE**

**THIS CAUSE** is before the Court on Trulife Distribution's Motion to Stay [DE 8] filed in case 25-CV-80410. In the Motion, Trulife[1] requests that these matters be stayed pending a resolution of state court proceedings. For the reasons set forth below, the Motion is granted in part insofar as the Court exercises its discretion to impose a stay.

Trulife is a nutritional products company. No. 25-CV-80410, DE 1, 1. After the founder of the company died, various parties (including children of the company's founder) have litigated

---

[1] Trulife is a Defendant in one case and a Plaintiff in the other.

certain actions of the company. *Id.* The parties' disputes include claims under the Florida Deceptive and Unfair Trade Practices Act and the federal Lanham Act.

The parties have engaged in protracted litigation for many years. *Id.* at DE 11, 2. There are at least eleven related actions between the parties. *Id.* At some point in the parties' litigation, the parties reached a global settlement agreement. *Id.* Now, litigation has shifted into a dispute over the scope of the global settlement agreement—does the settlement agreement prohibit additional litigation? *Id.* Indeed, some of the parties are now arguing that the claims pending before this Court are barred by the settlement agreement. *Id.* at DE 11, 4. Litigation on this precise question is before the state court.

The parties have filed claims in federal court (after the global settlement agreement was executed) in prior years. By way of example, Judge Kenneth Marra presided over *Trulife Distribution Inc. v. Gould*, No. 21-CV-80725 (S.D. Fla. June 30, 2021). In that case, Judge Marra stayed the federal action pending a final resolution of settlement enforcement proceedings in state court. *Id.* at DE 22. Judge Marra's decision was supported by extensive analysis, including the following:

> Were this Court to resolve the cyber-attacking allegations and related claims against Mitch Gould, and other NPI employees, it would risk either duplicating efforts with the state court or issuing rulings that might conflict with the state court's rulings on the alleged breach of the November 2020 agreement by Brian Gould via the alleged computer-hacking scheme. A decision by the Florida court that the November 2020 written settlement agreement between the parties is enforceable, based on a finding of breach by Brian Gould, could inform the claims lodged in this case and potentially moot a decision of this Court on the asserted cyber-attacking scheme allegedly launched by Mitch Gould, Sherry Gould, Scott Gould, and other NPI employees.
>
> Further, if the state court grants the enforcement motion, the general release of liability in the state court settlement agreement could potentially dispose of the claims in this federal case [Settlement Agreement, DE 19-1, ¶13].4 Thus, pressing forward also risks having this Court and the parties expend substantial time and effort on a suit that could prove fruitless if it turns out the origin of misconduct alleged in the instant case predates the execution of the November 2020 agreement and is determined to be covered by the general release language in that agreement,

such that Trulife already released NPI, Mitch Gould and others from liability for the misconduct alleged in this case.

*Id.* at DE 22, 12–13.

The stay imposed by Judge Marra was pursuant to a district judge's inherent authority to control its docket. *Id.* This Court is persuaded by Judge Marra's reasoning, and this Court also exercises its inherent discretion to stay. In short, it would be inefficient for this Court to preside over litigation that could be completely rendered moot by a determination in state court on the scope of the parties' prior settlement agreement.[2] Only with the state court's decision in hand may the federal cases proceed in an efficient and effective manner.

It is therefore **ORDERED AND ADJUDGED** that Trulife's Motion to Stay [DE 8] is **GRANTED IN PART**[3] and cases **25-CV-80410** and **25-CV-80488** are **STAYED** pending a resolution of settlement enforcement proceedings in Palm Beach County case 50-2019-CA-005715. The Clerk of the Court shall **ADMINISTRATIVELY CLOSE** both federal cases during the pendency of the stay. This administrative closure will not affect the merits of any party's claim. All other pending motions are hereby **TERMINATED** and may be reactivated at such time as the stay is lifted.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 8th day of August, 2025.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE

---

[2] Although the claims in case 24-CV-80488 are based at least in part on actions after the execution of the settlement agreement, the scope of the settlement agreement is still very important to the propriety of the parties' post-settlement conduct. *See* No. 24-CV-80488, DE 1.

[3] The Court expresses no opinion on any other matter raised in the Motion, and a ruling on those matters is instead deferred for a later day.